UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HELEN CURCIE,

                        Petitioner,

v.                                                        5:09-CV-0947
                                                               (GTS/GHL)

OVADIA AVRAHAM; and TRANS WORLD
SECURITIES, LLC,

                        Respondents.
_____

OVADIA AVRAHAM; and TRANS WORLD
SECURITIES, LLC,

                        Petitioners,

                                                              5:09-CV-1098
v.                                                                (GTS/GHL)

HELEN CURCIE,

                        Respondent.
_____

APPEARANCES:                                         OF COUNSEL:

GREEN & SEIFTER, PLLC                     JAMES L. SONNEBORN, ESQ.
  Counsel for Petitioner in 09-CV-0947
  and Respondent in 09-CV-1098
One Lincoln Center, Suite 900
Syracuse, NY 13202-1387

OVADIA AVRAHAM
  Respondent, *Pro Se,* in 09-CV-0947
  and Petitioner, *Pro Se,* in 09-CV-1098
6724 Lakeshore Road
Cicero, NY 13039

HON. GLENN T. SUDDABY, United States District Judge

**MEMORANDUM DECISION and ORDER**

Currently before the Court are the following three motions: (1) a motion by Helen Curcie ("Curcie"), pursuant to Section 9 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et seq.*, to confirm an arbitration award (the "Award") rendered by an arbitration panel of the Financial Industry Regulatory Authority (hereinafter "FINRA") on June 26, 2009, in her favor against Ovadia Avraham ("Avraham") and Trans World Securities, LLC ("Trans World"); (2) a motion by Curcie for attorney's fees pursuant to the terms of the Promissory Note (the "Note") giving rise to the current dispute; and (3) a cross-motion by Avraham to vacate the Award.[1] For the reasons that follow; Curcie's motion to confirm the Award is granted; the Award is confirmed; Curcie's motion for attorney's fees is granted; and Avraham's cross-motion to vacate the Award is denied.

**I.  RELEVANT BACKGROUND**

**A.  Relevant Factual History**

On November 7, 2002, Avraham borrowed $222,000.00 from Curcie. In conjunction with that loan, Avraham executed (1) the Note, and (2) an instrument that guaranteed the repayment of the loan with a mortgage on a certain piece of property. The Note indicates that Avraham entered into an agreement requiring him to, *inter alia*, pay Curcie, each month for seventy-two (72) months, seven percent (7%) interest on the $222,000.00, followed by a final

---

[1] The Court notes that, after Curcie filed Case Number 09-CV-0947 on August 19, 2009, to confirm the Award, Avraham filed Case Number 09-CV-1098 on September 29, 2009, to vacate the Award. *Avraham vs. Curcie*, 09-CV-1098, Complaint (N.D.N.Y. filed Sept. 29, 2009). On October 16, 2009, the Court *sua sponte* consolidated that action with the current action. (Text Order filed Oct. 16, 2009.) The Court notes also that Trans World has not appeared through counsel in either action, and Avraham, who is proceeding *pro se*, is not permitted, under the relevant statutes and rules, to represent Trans World in either action.

principal payment, to be paid in January 2009, resulting in an interest-only monthly payment of $1,295.00.

During the course of the repayment of the loan, certain disputes arose concerning late payments and the ultimate default of the loan by Avraham. On August 21, 2007, Avraham was sent a Notice of Default letter, in which payment of the loan in full was demanded.

On or about April 25, 2008, Curcie filed a Statement of Claim with the Financial Industry Regulatory Authority ("FINRA") concerning, *inter alia*, the money owed to Curcie under the terms of the Note.[2] On May 7, 2008, Curcie signed a Uniform Submission Agreement (the "Agreement"), in which she agreed, *inter alia*, (1) to arbitrate "the present matter in controversy, as set forth in the attached statement of claim, answers, cross claims, and all related counterclaims, and/or third-party claims which may be asserted," (2) to be bound by the FINRA By-Laws, Rules and the FINRA Code of Arbitration Procedure, (3) "to abide by and perform any award(s) rendered pursuant to th[e] . . . Agreement," and (4) that "a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment." On July 7, 2008, Avraham signed the Agreement.

On or about September 16, 2008, Curcie filed an Amended Statement of Claim with FINRA. On or about February 25, 2009, while awaiting an arbitration hearing, Curcie filed a motion for summary judgment as to the Note. On or about March 10, 2009, Avraham replied to Curcie's motion. The parties submitted affidavits in support of their respective positions. On March 20, 2009, the arbitration panel rendered a summary judgment award, as to the Note, in

---

[2] The Statement of Claim was filed against Avraham and Trans World.

Curcie's favor. More specifically, the decision ordered Avraham and/or Trans World[3] to pay Curcie $138,500.00, plus five percent (5%) interest as set forth in the Note, from the date of filing of the Statement of Claim, plus nine percent (9%) statutory interest from the date of filing, without prejudice to Curcie seeking further damages on the Note at the hearing.

On or about May 19, 2009, the matter proceeded to a hearing before the arbitration panel.[4] During the hearing, both parties presented documentary evidence and witness testimony. Curcie submitted an affidavit of attorneys' fees to the panel on or about May 22, 2009.

On June 26, 2009, the arbitration panel rendered a unanimous award in favor of Curcie. In addition to reiterating Curcie's entitlement to the summary judgment award amount, the Award ordered Avraham and/or Trans World[5] to pay Curcie compensatory damages in the amount of $79,910.00 for the balance of the Note, plus five percent (5%) interest as set forth in the Note, from the date of filing of the Statement of Claim until payment of the Award, plus nine percent (9%) interest from the date of filing of the Statement of Claim until payment of the Award. Avraham and Trans World were further ordered to pay Curcie's attorneys' fees in the amount of $25,000.00 pursuant to the terms of the Note. Avraham and Trans World's request for expungement was denied.

In total, Curcie was awarded $218,410.00, plus five percent (5%) interest pursuant to the terms of the Note, from the date of filing of the Statement of Claim until paid, plus nine percent

---

[3] The decision indicated that Avraham and Trans World were jointly and severally liable for the debt.

[4] As of the date of the hearing, neither Avraham nor Trans World had paid the summary judgment award.

[5] Like the decision, the Award indicated that Avraham and Trans World were jointly and severally liable for the debt.

(9%) statutory interest from the date of filing of the Statement of Claim until paid, plus attorneys' fees in the amount of $25,000.00, pursuant to the terms of the Note. Avraham and Trans World have failed to satisfy the Award.

### B. Curcie's Arguments

Generally, in Case Number 09-CV-0947, Curcie argues that the Award should be confirmed because (1) the parties expressly agreed to arbitrate their dispute, and (2) there is, at a minimum, a "barely colorable justification for the outcome reached."

### C. Avraham's Arguments

Generally, in Case Number 09-CV-1098, Avraham argues that the Award should be vacated because (1) it was procured by fraud and undue means, (2) the arbitration panel exceeded its power, abused its discretion, and otherwise deprived Avraham and Trans World of fundamental fairness, and (3) the arbitration panel manifestly disregarded the law applicable to the facts established at the arbitration hearing in this matter.

More specifically, Avraham argues that the Award was procured by fraud because (1) Avraham did not agree to arbitrate the dispute in its entirety, and (2) the arbitration panel refused to agree to a postponement of the proceedings despite Avraham and Trans World making the panel aware of their financial hardship.  Avraham further argues that the arbitration panel exceeded its power because (1) Avraham and Trans World did not agree to arbitrate the dispute in its entirety, (2) the panel's exercise of power should have been limited to deciding whether or not it had the authority to decide the dispute (as opposed to ruling on the substantive nature of the dispute) because the dispute between Curcie and Avraham was a dispute between friends, and (3) the panel's determination failed to consider that the statute of limitations barred Curcie's

claims. Finally, Avraham argues that the arbitration panel manifestly disregarded the law applicable to the facts established at the arbitration hearing because the panel held Trans World liable, which was not a party to the contract between Curcie and Avraham.

## II. RELEVANT LEGAL STANDARDS[6]

### A. Legal Standard Governing Review of Arbitration Award

"The review of arbitration awards is generally governed by the FAA." *In re Arbitration Before New York Stock Exchange, Inc.*, 04-CV-0488, 2004 WL 2072460, at *5 (S.D.N.Y. Sept. 8, 2004) (citing *Halligan v. Piper Jaffray, Inc.*, 148 F.3d 197, 201 [2d Cir. 1998], *cert. denied*, 526 U.S. 1034 [1999]). "Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (citations and internal quotation marks omitted). "Pursuant to 9 U.S.C. § 9, any party to an arbitration may apply to a federal court for an order confirming the award resulting from the arbitration, and the court 'must grant . . . an order [confirming the arbitration award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.'" *In re Arbitration Before New York Stock Exchange, Inc.*, 2004 WL 2072460, at *5 (quoting 9 U.S.C. § 9) (other citations omitted).

"The Court of Appeals for the Second Circuit 'adhere[s] firmly to the proposition . . . that an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.'" *Id*. (quoting *Landy Michaels*

---

[6] Although the argument has not been presented by either party, the Court notes that, for the reasons set forth in Curcie's motion to confirm the Award, the Court has jurisdiction over this matter such that it may confirm or vacate the Award. (*See* Dkt. No. 1, Part 3, at 6-8.)

*Realty Corp. v. Local 32B-32J*, 954 F.2d 794, 797 [2d Cir. 1992]) (other citations omitted).

> The FAA provides that an arbitration award may be vacated: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*Id*. at *5-6 (quoting 9 U.S.C. § 10[a]). "The burden of establishing the existence of one of the grounds for vacatur rests with the party seeking that form of statutory relief." *Id*. at *6 (citing *Willemijn Houdstermaatschappij*, 103 F.3d at 12) (other citations omitted).

"In addition to the statutory grounds stated in the FAA, the Second Circuit has recognized that an arbitration award may be vacated 'if it is in manifest disregard of the law.'" *Id*. (quoting *Halligan*, 148 F.3d at 202) (other citations omitted). "Manifest disregard clearly means more than error or misunderstanding with respect to the law." *Id*. (citations omitted). "To vacate an arbitration award on the grounds of manifest disregard of the law, "[A] reviewing court must find both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case.'" *Id*. (quoting *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 28 (2d Cir. 2000) (other citations omitted). "Where there is a 'colorable justification' or a 'rational basis' for an award, it is not in 'manifest disregard of the law.'" *Id*. (citations omitted). "Review of arbitration awards for manifest disregard is 'severely limited.'" *Id*. (citations omitted).

7

### B. Legal Standard Governing a Party's Failure to Appear in an Action to Confirm an Arbitration Award

"When a respondent fails to appear, a petition to confirm an arbitration award and any accompanying submissions are 'treated as akin to [an] unopposed motion for summary judgment.'" *New York City Dist. Council of Carpenters Pension Fund v. Brookside Contracting Co., Inc.*, 07-CV-2583, 2007 WL 3407065, at *1 (S.D.N.Y. Nov. 14, 2007) (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109-110 [2d Cir. 2006]).[7]  Generally, when a party fails to respond to a motion for summary judgment, the movant's burden on the motion is lightened such that, in order to succeed, it need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden.  *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).[8]

### III. ANALYSIS

As stated above in Part I.C. of this Decision and Order, Avraham seeks to vacate the Award because (1) it was procured by fraud and undue means, (2) the arbitration panel exceeded

---

[7] "Even where one party altogether fails to respond to a motion to vacate or confirm an award . . . district courts should assess the merits of the record rather than merely entering a default judgment." *Travel Wizard v. Clipper Cruise Lines*, 06-CV-2074, 2007 WL 29232, at *2 (S.D.N.Y. Jan. 3, 2007).

[8] *Cf. Di Giovanna v. Beth Isr. Med. Ctr.*, 08-CV-2750, 2009 WL 2870880, at *10 n.108 (S.D.N.Y. Sept. 8, 2009) (citing cases for proposition that plaintiff's failure to respond to argument made in summary judgment motion as to why certain claim should be dismissed constitutes abandonment of claim).

its power, abused its discretion, and otherwise deprived Avraham and Trans World of fundamental fairness, and (3) the arbitration panel manifestly disregarded the law applicable to the facts established at the arbitration hearing in this matter.

As an initial matter, the Court finds, based on the current record, that Avraham voluntarily signed the Agreement. Moreover, the Court finds that the Agreement is clear on its face, and expressly states that those signing it agree to arbitrate "the matter in controversy, as set forth in the . . . statement of claim, answers, cross claims, and all related counterclaims, and/or third-party claims." In addition, Curcie's Statement of Claim, filed before Avraham signed the Agreement, includes Curcie's claim of damages suffered as a result of loaning Curcie $222,000. As a result, the Court rejects Avraham's argument that the arbitration panel did not have jurisdiction to preside over the parties' dispute as it relates to the Note.

Furthermore, the Court rejects Avraham's argument that the Award should be vacated because the arbitration panel exceeded its powers, or manifestly disregarded the law applicable to the facts. This is because, based on the current record, the Court finds that there was a *colorable justification* or a *rational basis* for the Award.

More specifically, there is evidence in the record that supports the following facts: (1) Avraham is a securities industry representative; (2) Trans World is an investment brokerage firm and member of the National Association of Securities Dealers now known as FINRA; (3) Avraham is the sole principal of Trans World; (4) the relationship between Avraham and Trans World is such that Avraham, acting as a Representative for his clients, sells securities through Trans World, who is the authorized Broker/Dealer; (5) Avraham acted as Curcie's investment advisor for a period of time beginning in or around 1991; (6) in November 2002, while Avraham

was still Curcie's investment advisor, Avraham and Curcie entered into a loan agreement whereby Curcie agreed to loan Avraham $222,000.00 for a period of seventy-two (72) months, and Avraham agreed to make monthly interest-only payments on the loan at seven percent (7%), in addition to a final principal payment in January 2009; (7) the payments were due on the first of each month; (8) Avraham was late sending Curcie his monthly payments more than once; (9) on or about mid-July 2007, Curcie telephoned Avraham, indicating that she had not received her monthly-interest check; (10) although Avraham indicated that he had already sent her a check, he sent Curcie another check; (11) by August 20, 2007, Avraham still had not made his August interest-only payment to Curcie; (12) on August 21, 2007, Curcie sent Avraham a Notice of Default letter, indicating that the full sum of the loan ($222,000) was immediately due and payable; and (13) in October 2007, Curcie located the first July 2007 check, which she previously told Avraham she had not received, and cashed it.

As a result, the Court confirms the Award against Avraham. In addition, and for the same reasons that the Court confirms the Award against Avraham, the Court confirms the Award against Trans World.[9] For the same reasons that the Court confirms the Award against Avraham and Trans World, the Court denies Avraham's motion to vacate the Award, and dismisses the action assigned Case Number 09-CV-1098.

Finally, the Court denies as without cause Avraham's letter motion of December 2, 2009, requesting that the Attorney Affirmation of James L. Sonneborn be stricken from the record.

---

[9]  The Court notes that Curcie has met her lightened burden on her unopposed motion against Trans World. The Court notes also that the Court would rule in Curcie's favor against Trans World even if the Court were to subject Curcie's motion against Trans World to the heightened scrutiny appropriate on a contested motion.

(Dkt. No. 26.)

**ACCORDINGLY,** it is

**ORDERED** that Curcie's motion to confirm the Award (Dkt. No. 1 in Case Number 09-CV-0947) is **GRANTED**; and it is further

**ORDERED** that Curcie's motion for attorney's fees of $25,000.00, as set forth in the Note (Dkt. No. 1 in Case Number 09-CV-0947) is **GRANTED**; and it is further

**ORDERED** that Avraham's motion to vacate the Award (Dkt. No. 1 in Case Number 09-CV-1098) is **DENIED**; and it is further

**ORDERED** that Avraham's letter motion of December 2, 2009, requesting that the Attorney Affirmation of James L. Sonneborn be stricken from the record (Dkt. No. 26 in Case Number 09-CV-1098) is **DENIED**; and it is further

**ORDERED** that the Clerk is directed to enter judgment in favor of Helen Curcie and against Ovadia Avraham and TransWorld Securities, LLC in the amount of $218,410.00, plus five percent (5%) interest pursuant to the terms of the Note, from the date of filing of the Statement of Claim until paid, plus nine percent (9%) statutory interest from the date of filing of the Statement of Claim until paid, plus attorneys' fees in the amount of $25,000.00, pursuant to the terms of the Note.

The Court reserves judgment on Curcie's request for costs and disbursements associated with the current action above the twenty-five ($25,000) in attorney's fees already granted, pursuant to the Note. Curcie is directed to submit, within seven (7) days of the date of this Memorandum Decision and Order, briefing on the issue of the cost and disbursement amount associated with the instant action, and explain why she is entitled to whatever amount requested

pursuant to the Note.  Avraham and Trans World are then directed to file a response, if they so desire, within ten (10) days of the date of Curcie's submission.  The issue will then be decided on submission of the parties' papers and without oral argument, unless the Court notifies the parties otherwise.

Dated: December 23, 2009
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge